1-7-1-7-1-7 Patricia Theriault v. Genesis Healthcare LLC Good morning, your honors. May it please the court, my name is Danielle Campbell and I, along with my co-counsel, who isn't present this morning, Guy Larranger, represent the plaintiff appellant, Patricia Theriault. If I may reserve two minutes for rebuttal. Yes. We ask this court today to reverse the decision of the Maine Federal District Court granting defendants' motion for summary judgment. And with that, we have two points to make. First, we'd like to see that this court reverse the district court's holding that Brady v. Cumberland County requires some presentation of evidence beyond the prima facie case. Could you repeat that, please? I'm not hearing you distinctly. Oh, sure. So we're asking that the court reverse the district court's decision requiring that the Brady decision requires that the plaintiff, Whistleblower, make some showing beyond the prima facie case. The holding in Brady dispensed with the McDonnell Douglas burden shifting analysis and held that an employer's motion for summary judgment must be denied if an employee has satisfied the prima facie elements of the Whistleblower case. No, the holding in Brady doesn't say that. The statement you quote says that if the employer contests, if the employee shows the elements of the prima facie case and the employer comes forward with a legitimate non-discriminatory reason, the employee cannot receive summary judgment in her favor. The employee. It makes no similar requirement for an employer, nor would it make much sense because the employer isn't relying on the prima facie case. The rationale for that statement in Brady is that the elements of the prima facie case, the inference that's drawn from them, is dissipated or at least becomes contested once the employer comes in with a legitimate non-discriminatory reason. That's not the employer's burden. It's different. All right? And Brady goes on to say specifically that even at summary judgment, there have to be contested genuine issues of material fact as to all three elements of the retaliation claim, which includes causation. Exactly. So it's our position that if the plaintiff makes, produces evidence sufficient to support that she engaged in adverse, that she engaged in protected activity, suffered adverse employment action and that there was a causal connection between the protected activity and the adverse action, that's where the analysis ends. At that point, there's a, the court says there's a rebuttable presumption that the plaintiff was terminated for engaging in protected activity. And at that point, the employer's motion for summary judgment should be dismissed. Now, I understand what, what your position is. I just don't like your attributing it to the Brady court. And of course, the question here is whether indeed there is sufficient evidence to create a genuine issue of material fact as to the third element, as to causation. And that's the, my further point is that the court held that a temporal proximity isn't sufficient to satisfy the... Isn't sufficient by itself. Is insufficient by itself. Yeah. But that, that holding came from Murray, which was another one of our previous cases, which came out before the Brady decision. That's true, but that doesn't mean that it's invalidated or called into question by the Brady decision. Well, if he... Brady, Brady doesn't comment, he doesn't comment in, in any new or novel way about the causation requirement. But... So we look to other precedent, the district court looks to other precedent about what it takes to make a genuine issue of material fact on causation. And Murray says, as well as several other cases, but Murray says that near temporal proximity without anything more isn't enough. Well, so if we look at the line of cases that I cited, Daniels, Cormier, Watt... Right. Those all hold that temporal proximity is sufficient to satisfy the causal link element of a whistleblower protection... I, I, regardless of that, I don't think any of them say that temporal proximity without anything more is enough. I don't think any of them contradict Murray. So that's when I turn to my second point, where the district court held that we failed to establish sufficient evidence of pretext. If, if you look at our... Before you go to that, I just want to back up on the, the threshold point about what Brady says with respect to McDonnell Douglas and the prima facie case. I found Brady a In Brady, evidence of pretext was already at issue at the summary judgment case, and it's not true in your case as much, right? Because the district court, at least the district court discounts what you put forward as evidence of pretext. Exactly. So, but there's this case, I don't know if I have it right, Carnicella? Yes, Carnicella v. Mercy. Yeah, so as I read Carnicella, here's what it says, this is a quote from Carnicella. In Brady, we held that once an employee presents a prima facie case of unlawful activity and thereby satisfies the first of the three McDonnell Douglas steps, the employer is not entitled to summary judgment, quoting Brady. Exactly, and that's the interpretation that we were going on. Yeah, but, but the key word there is once an employee. Correct, and our client, Patricia Terrio, is the employee bringing the whistleblower retaliation claim where she has satisfied adverse employment action. And when she satisfies that, according to Carnicella, it says the employer is not entitled to summary judgment. Exactly. You're saying that's this case. That's this case, and really, that's the case that Brady was decided on, if you look at the lower court, the superior court opinions. So if that's right, and Carnicella supports your view of what Brady held, then the next thing you have to show is that you can satisfy the, and it's two questions. First, that is odd, if that's what May now holds, because May is not saying that thereby you prove, you can prove liability. It's just saying what suffices to get past summary judgment. Right, and I think that. What seems odd about that to me is that seems procedural. Right, so I think. It would be applied effectively there setting forth what the federal court summary judgment rule is without saying what liability as a substantive matter under Maine law is. And I would have thought Maine doesn't get to tell federal courts what our summary judgment standard is. Now, I don't know if that's just the issue of Erie's just waived, and that's why we would But under Erie, it wouldn't seem like Carnicella could control what the summary judgment test is in federal court. So our first opinion is that the defense waived that argument. They say in their motion for summary judgment that Brady's controlling. The judge then applies Brady. There's a specific footnote in Brady, in which Brady says that it anticipates that in federal courts in whistleblower cases, the McDonnell-Douglas framework will continue to control in Maine whistleblower cases brought in federal court. So if Brady controls, why doesn't that statement control? Well, I would like to give an Erie argument and convince the panel today that in doing That it's substantive? That it's substantive. So rather than have me convince you, I'd like to point you to Judge Posner, who is more well-respected than perhaps myself. He writes in Bourbon v. Kmart in his concurrence opinion that there's a number of court cases that have held that the state law applies in federal courts where they're deciding a state law issue. And he says that although this issue has presented itself in a number of circuit cases, that they've never really had to decide the actual Erie issue. And he says that if this were to be an issue that he had to decide on, he would hold that McDonnell-Douglas is substantive because it's outcome determinative. But just to be clear, we only reach that issue if, under Maine law, the prima facie case test can be satisfied by temporal proximity alone. And your view is the best case you have for that is Cormier? Cormier, yeah. Okay. Yes. Good morning. I'm here to police the court James Irwin for Genesis Healthcare. This case is, at its heart, ultimately about the very unremarkable question of whether the summary judgment record contained evidence from which a rational fact finder could find that but for appellant's claim to protected activity, she would not have been fired. That's only true if your opponent's wrong about Carnicella telling us that under Brady, the right question for summary judgment purposes is simply whether the prima facie case was shown. Well, our intention is that whether you follow Brady or whether you follow McDonnell-Douglas or you follow the relaxed unitary analysis of the evidence, which this court authorized in the Fennel case, where it said you don't have to stick rigidly to McDonnell-Douglas. Whichever way you come at it, you end up with the same question, which is the one I just posed. I don't think that's true. I know what they're saying. Brady says something different. Our position is that it does not. You've got to then first explain why it doesn't in light of Carnicella. First of all, Carnicella is a disability discrimination case. So anything that the court said about Brady in it would be dicta, would not be binding. Secondly, we wouldn't be able to second-guess that kind of dicta because it comes from the main law court? It does. So it's a general statement about what they meant in Brady and you're telling us we would just disregard it? Your Honor, then I would direct you to the second half of the Brady opinion. In the first half of the Brady opinion, the court gets all tangled up in prima facie and Just stick with me. Here's the quote from Carnicella. This is the main law court. In Brady, we held that once an employee presents a prima facie case of unlawful activity and thereby satisfies the first of the three McDonnell-Douglas steps, the employer is not entitled to summary judgment. Now, if that's what the main law court says, Brady says, how can we say it doesn't say that? Well, then I would say go back to what Brady says. Why? Brady says... No, why would I do that when the main law court, post-Brady, tells me this is what Brady says? Because I would say that Brady is the decision on which this question hinges. No, Carnicella, I'm suggesting, is because it's post-Brady telling me what Brady says. It's post-Brady, but I would say that the fact that it's dictum in a disability discrimination case and not pertinent to the actual decision of that case... If I disagree with you on that, how do you win? I'm sorry? If I disagree with you on that, if I thought my job as a federal judge, if I'm interpreting main law, is to go with what the main law court tells me Brady says... Okay, understood. Then how can you win? My view is that if you go and read Brady itself, Brady itself says... I get that. If I disagreed with you on that, okay, and I thought Carnicella can try, I understand your point, but if I disagreed with you on that, and I thought Carnicella controlled, how can you win? Well, I guess what I'd say is we would win by saying, look, the district court was free to decide the... District court chose what standard it wanted to apply to the summary judgment analysis. And whether we raised the question of federal versus state procedure law under Erie or not below, the federal court said, I'm following Brady, but Brady is the same as Fennell. Fennell says you can dispense with McDonnell Douglas, but you still look at all the evidence, you still consider the questions of legitimate non-discriminatory reason, and you still look for evidence of pretext. It's the same analysis. That's the federal rule that the district court applied. And our argument is that was correct. What we're also saying is Brady should be read the same way, and we have perhaps a disagreement about that, but the district court didn't read Brady that way. The district court read Brady as being consistent with this circuit's instructions. So your view is the district court thought it was applying federal law and not state law? The district court didn't say it one way or the other. It just said I'm following Brady and Fennell. The district court made it pretty clear that it wasn't following the McDonnell Douglas framework. I think the point is that whether you follow McDonnell Douglas or you follow Fennell, you get to the same place. And I would say that the Brady opinion itself, it says you follow all the evidence. I'm just trying to get it analytically. If the federal court is supposed to apply state summary judgment law to this case, then we have to apply the correct version of state summary judgment law. And if Cardocella is the correct statement of main summary judgment law, can you win? I would say, well, I think the first part of your question is... I understand that you disagree with some of the premises. I just want, assuming, I would think that insofar as the right thing to do here, because of waiver or whatever, is to apply the state summary judgment law standard. And assuming that I thought the correct view of Maine's state summary judgment law standard was set forth in Cardocella, can you win? I say we can win. Okay, how? Well, I would say that I don't believe that Cardocella or Brady means what they're arguing it means. Let me give you an example of why that's the case. It would be helpful to you, honestly, in being able to convince me, if you just would accept the premise that Cardocella means just what I quoted it says, and that I was of the view that that's the correct view of Maine's summary judgment law standard. And I'm assuming that that standard is the one that applies here, all of which may be wrong for the many good reasons you're giving. But assuming all that is true, I'm then asking, can you win? If the answer is no, that's fine. But if the answer is yes, I'd really like to know because it would be helpful to you. Okay. If the question is whether it's essentially the question is, is temporal proximity at the prima facie stage of the case guaranteeing a plaintiff a trial? That's basically the question. Thank you. That's accurate. I still think the answer to that question is no. Okay. And how can that be true in light of Cormier and Daniels, which they give? Does Cormier or Daniels suggest that there was something beyond temporal proximity that was required in order to show causation? Well, in those cases, the cases turned not on temporal proximity but on other evidence. But for purposes of proving causal connection, just that aspect of the prima facie test, do those cases hold, as your opponent suggests, that temporal proximity is alone enough to satisfy the causal connection requirement? To get past some re-judgment, I think the answer is no. What in them suggests that you have to have more than that just with respect to proving causal connection? I don't think any case before Brady has ever suggested that temporal proximity alone gets you to trial. I didn't ask that question. Do either Cormier or Daniels suggest that you need something more than temporal proximity just to prove the causal connection aspect of the prima facie case? I don't believe they said that temporal proximity alone can't satisfy that first stage. Okay. I apologize, Your Honor. But here's the absurdity, I would argue, of the interpretation of Brady that the court's being asked to adopt. If the plaintiff engaged in protected activity on Tuesday and the plaintiff was terminated on Thursday, under the plaintiff's argument, she gets to go to trial on that evidence. Even if she shot the boss on Wednesday, or even if she shot the boss on Monday for that matter, that's not a rational application of the standard that the plaintiff is arguing for in this case. And I don't think that's what the court intended in either of those cases. So I think the question of, does Brady, do Brady and Carnicella actually say that protected activity on Tuesday, termination on Thursday equals trial? Temporal proximity equals trial? I don't believe that's what they say. And I think the problem is the court got mixed up in what prima facie. The prima facie, the origin of that from McDonnell Douglas, was not designed for retaliation cases. That came about in the context of Title VII cases, where you had protected class, you had qualified, you didn't get promotion or job or whatever, and then you had people not in protected class, didn't get the promotion or the job. So that was enough to create an influence that required the employer to come forward and advance a legitimate, non-discriminatory reason. That prima facie was never going to get you to trial by itself if the employer came forward with something. And that's still the case in these retaliation cases. Basically, they're saying the employer doesn't matter in these cases. Their evidence is irrelevant. And that is just nonsensical. Because at the same time, they're saying you have to look at all the evidence, you look at the entire record, and you look for, you know, is there enough to get to what you're arguing on the overall picture of causation? In your view, what is the significance of the fact that the Erie issue wasn't raised below? I don't think it's material, Your Honor, because I think... I'm sorry. Assuming that the Erie issue would go against you. Okay. What is the significance of the waiver? I don't think it's significant because, again, the district court said, I'm following Fennell, which is the federal law. I read it the same as Brady, but I'm following Fennell and Brady, and summary judgment is granted on that basis. So the district court felt there was no difference between the state and the federal standard. I think that's correct, and I think that's why we should prevail. Thank you, Your Honor. Oh, I still have time, but I want to point out one more thing. I apologize. No, you're over time. That's all right. No, I'll stop. Thank you. The clocks are sometimes a little confusing to read. Okay. So I'd like to go back to my point about the best case that I have for temporal proximity. I forgot one of my cases, and I think it is our best case. It's a Maine Federal District Court case, Code B. Buckman, and it states, Under Maine law, close temporal proximity between the protected activity and the adverse action is sufficient showing of causation for the purposes of establishing a plaintiff's prima facie case. So under this case, that's enough. You don't need anything beyond temporal proximity in order to satisfy that third element of the prima facie case. Of course, that case is not binding on us in any way. It's not by Maine's highest court, and it's by a lower federal court whose precedent doesn't control us. But I think they were relying on the opinions. Well, they may have been relying on it, but that doesn't mean they were right. Okay. So we think that in relying on Daniels and Watt, that was their interpretation. And in Cormier, they state a close temporal link of a couple of days satisfies the causal link element, so they required nothing more for that element. They found that. Could you just address the point, which seems to have some force, that this view of Brady and the summary judgment standard in Maine for this type of case, which may well be the summary judgment standard in Maine for this type of case, does create a very strange circumstance in which there could be absolutely perfect evidence of a legitimate, non-retaliatory reason for the employer's conduct, which would be staring everybody right in the face. And yet, despite the presence of that in the case, it would have to go to a jury for trial. So what's the sensible answer to why one would want that standard? Sure. So I think that Jim's example is a bit extreme, but if the plaintiff complains on Wednesday, on Thursday something allegedly occurs, she's accused of doing something, and then on Friday she's terminated, we're saying that the temporal proximity shows that maybe she was terminated because of the complaint she made. They're alleging something else. Then the court has to start weighing who's right, and they're making determinations that a fact finder should really be doing. And in this case, the fact finder is not the judge. We've requested a jury, so that issue should go to the jury. But on your theory, I'm not even sure the temporal proximity enters into it at all. The elements of the prima facie case, at least of the main elements parallel McDonnell-Douglas, don't even include proximity. Proximity usually comes into the case when the employee attempts to rebut a showing of pretext, or attempts to rebut the employer's nondiscriminatory reason. And again, under Cormier... So Judge Barron's example understates how bizarre the results would be, because you wouldn't even have to show temporal proximity. I thought you had to show causation for retaliation claim as part of the prima facie case. Exactly. So the way you can prove, it says causation's an element, it says causation's an element, then a way of... but you have to have some way, and temporal proximity would be the minimum way, but a way. Exactly, that'd be one of the avenues to prove it. Thank you, Your Honor. Thank you.